UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Marcus A. Woods, # 284415;<br>Bernard McFadden, # 199135;<br>Terrell Jackson, # 286790;<br>Tracey F. Carter, # 247387;<br>Orlander Wheeler, # 273024;<br>Cleveland Litthjohn, # 242403;<br>Malvin Marshall, # 305077;<br>Thomas Araheim, # 340913;<br>Alvin Johnson, # 072011;<br>Shawn Patterson, # 249829;<br>Demetrise Thomas, # 312331;<br>Curtis Richardson, # 269166;<br>James Morris, # 327611;<br>Eltajaris Carew, # 264671;<br>LeVardis Polk, # 329896;<br>Roy Blackwell, # 250427;<br>Joshua Cooper, # 314500;<br>David McIlwain, # 243585,<br><br>                            Plaintiffs,<br><br>vs.<br><br>Marcia Fuller, *SCDC Dietician*;<br>Mrs. Ball, *First Name Unknown, Kershaw Cafeteria Supervisor*;<br>Michael L. Fair, *Legislative Audit Counsel*;<br>SC District #6, *Greenville County, State Senate*;<br>Boyd H. Parr, *Director of Poultry Products and Inspection*,<br><br>                            Defendants. | C/A No. 6:13-1173-JMC-KFM<br><br><br><br>**Report and Recommendation<br>to<br>Dismiss Seventeen Co-Plaintiffs** |

This is a civil rights action purportedly brought by eighteen (18) prisoners at the Kershaw Correctional Institution. Therefore, in the event that a limitations issue arises, Plaintiffs shall have the benefit of the holding in *Houston v. Lack*, 487 U.S. 266, 276 (1988)

(prisoner's pleading was filed at the moment of delivery to prison authorities for forwarding to district court). Under Local Civil Rule 73.02(B)(2) DSC, pretrial proceedings in this action have been referred to the undersigned United States Magistrate Judge.

Although Marcus A. Woods is the "lead" Plaintiff, it is readily apparent that Complaint was prepared by Bernard McFadden, who is the second-named plaintiff in the above-captioned case (ECF No. 1-1). Plaintiffs allege that the South Carolina Department of Corrections ("SCDC") has failed to provide adequate nutrition, that Defendant Fair has failed to investigate the SCDC despite repeated requests by Plaintiff McFadden, and that Defendant Parr has failed to respond to Plaintiff's McFadden's inquiries. The Court of Appeals has been receptive to such claims of inadequate nutrition. *See Wilson v. Johnson,* 385 F. App'x 319, 320 (4th Cir. 2010).

Plaintiff McFadden has brought prior actions in this Court, wherein he alleged inadequate nutrition. *See Bernard McFadden v. McKie, et al.*, C.A. No. 3:11-673-JMC-JRM; and *Bernard McFadden v. Simon Major, Director Sumter-Lee Regional Center, et al.*, C.A. No. 6:09-2437-RBH-WMC (a spinoff case from *Charles Brown v. Simon Major, Director Sumter-Lee Regional Center, et al.* C.A. No. 6:09-2329-RBH-WMC), where Plaintiff McFadden, as in the above-captioned case, prepared the pleadings in a multiple-plaintiff case but listed himself as a Co-Plaintiff in the caption of the pleadings. Plaintiff McFadden is also a plaintiff in two pending civil rights actions alleging inadequate nutrition at the Kershaw Correctional Institution, *Bruce A. Roddey et al. v. Marcia Fuller, et al.*, C.A. No. 6:13-884-JMC-KFM, and *Lewis Duckett, et al. v. Marcia Fuller, et al.*, C.A. No. 6:13-1079-JMC-KFM. The undersigned has recommended that the Co-Plaintiffs in those cases be dismissed and that the lead Plaintiff remain the sole Plaintiff in the cases.

The question of whether multiple plaintiffs can proceed in a single case under the Prison Litigation Reform Act ("PLRA") has required the attention of various federal courts. *See Burke v. Helman*, 208 F.R.D. 246 (C.D. Cal. 2002) (collecting cases). In *Hubbard v. Haley*, 262 F.3d 1194, 1197–98 (11th Cir. 2001), the United States Court of Appeals for the Eleventh Circuit held that multiple prisoners may not join in one action or one appeal.

Each Plaintiff's claims are unique to the particular plaintiff. Each Plaintiff must comply with the exhaustion requirement of the PLRA, 42 U.S.C. § 1997e. *See Woodford v. Ngo*, 548 U.S. 81, 85 (2006) (PLRA makes "proper" exhaustion mandatory); and *Porter v. Nussle*, 534 U.S. 516, 524 (2002) (exhaustion is required in all actions brought with respect to prison conditions). Each Plaintiff may have different amounts of damages (if any). Moreover, neither lead Plaintiff Woods nor Plaintiff McFadden can represent the other Co-Plaintiffs. *See Laird v. Tatum*, 408 U.S. 1 (1972); *Hummer v. Dalton*, 657 F.2d 621, 625-26 (4th Cir. 1981) (a prisoner cannot act as a "knight-errant" for others); *cf. Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) (a *pro se* prisoner cannot be an advocate for others in a class action).

Each of the seventeen Co-Plaintiffs can prepare and file his own civil rights case relating to food and caloric intake. *See Torres v. O'Quinn*, 612 F.3d 237, 241 (4th Cir. 2010) (the PLRA requires that "indigent prisoners filing lawsuits be held responsible for the full amount of filing fees," although the fee may be paid in installments); and *Hubbard*, 262 F.3d at 1197–98 (multiple prisoners are not allowed to join together in a single lawsuit).

## *Recommendation*

It is recommended that the District Court dismiss *without prejudice* the seventeen Co-Plaintiffs from this case. Marcus A. Woods would remain the sole Plaintiff in this case. Plaintiffs' attention is directed to the important Notice on the next page.

May 20, 2013  
Greenville, South Carolina

s/ Kevin F. McDonald  
United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

Each of the seventeen Plaintiffs is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk of Court
> United States District Court
> 300 East Washington Street — Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).